IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) 1:10CR29(JCC) |
| KYLE MATHEW MCDONALD, | ) |
| | ) |
| Defendant. | ) |

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on the United States's (the "United States" or the "Government") Motion to Quash pre-trial subpoenas duces tecum served by Defendant Kyle McDonald ("Defendant or "McDonald") on Detective M.J. Woods ("Detective Woods") of the Arlington County Police Department and the Arlington County Victim/Witness Program. Also before the Court is Detective Woods' separate Motion to Quash the pre-trial subpoena duces tecum, one of the two subpoenas the United States also moved to quash, served on her by Defendant McDonald. For the reasons stated below, the Court will grant both parties' Motions to Quash.

**I. Background**

On January 28, 2010, the United States filed a two-count indictment charging Defendant with two counts of interstate

1

threatening communication in violation of 18 U.S.C. § 875(c). Count I of the indictment stems from a threatening telephone communication Defendant made from the Arlington County Detention Center in Arlington, Virginia to Indiana on or about July 22, 2009. Count II of the indictment stems from a threatening telephone communication Defendant made to from the Arlington County Detention Center in Arlington, Virginia to Michigan on or about November 4, 2009. In both of these conversations Defendant threatened to kill L.C., his former girlfriend of two years, to a third party. L.C. was not a party to either of these phone conversations. When these phone calls were made, Defendant was serving a sentence at the Arlington County Detention Center for violating a protective order forbidding him from contacting L.C.

On March 12, 2010, at the request of Defendant's counsel, the Clerk of the Court issued a subpoena duces tecum to be served on Detective Woods of the Arlington County Police Department. (Detective M.J. Woods' Mem. in Supp. of the Mot. to Quash Subpoena ("Woods' Mem.") 1; Ex. 1.) Detective Woods has been investigating Defendant's activities relating to the underlying charges of the instant case as well as the potential pending charges against Defendant in the Arlington County Circuit Court. (Woods' Mem. 1.) The subpoena requests Detective Woods' appearance at trial on April 6, 2010 as well as the production of "[a]ny and all records, notes, reports, memorandum, and/or

2

documents and things in any form maintained by you or the Arlington County Police Department regarding Kyle Mathew McDonald" at the office of Defendant's counsel by March 22, 2010 at 12:00 p.m., pursuant to Federal Rule of Criminal Procedure 17(c). (Woods' Mem.; Ex. 1.) Also on March 12, 2010, the Clerk of the Court, at the request of Defendant's counsel, issued a similar subpoena duces tecum to be served on an unidentified individual of the Arlington County Victim/Witness Program whose name has been redacted from the exhibit. (Gov't's Mot.; Ex. 2.)

On March 18, 2010, the United States, through its attorneys, filed its Motion to Quash both of these pre-trial subpoenas duces tecum served by Defendant on the Arlington County Victim/Witness Program and on Detective Woods of the Arlington County Police Department, and asked the Court to preclude Defendant from the "continued misuse of Federal Rule of Criminal Procedure 17(c) subpoenas to conduct investigation." (Gov't's Mot. 1.) Detective Woods, through Arlington County Attorney's Office, also filed her Motion to Quash Defendant's pre-trial subpoena served on her on March 18, 2010. Upon consideration of the parties' consent motion to continue hearing on these motions, the Court granted the parties' motion on April 1, 2010 and reset the hearing for April 23, 2010. On April 16, 2010, Defendant filed its response to Detective Wood's Motion to Quash. On April 22, 2010, Defendant also filed its response to the Government's

Motion to Quash specifically with regard to the subpoena served on the Arlington County Victim/Witness Program. The United States and Detective Woods' respective Motions to Quash are before the Court.

## II. Standard of Review

Rule 17 of the Federal Rules of Criminal Procedure addresses subpoenas in criminal cases. Fed. R. Crim. P. 17. Federal Rule of Criminal Procedure 17(c)(1) states: "A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." Fed. R. Crim. P. 17(c)(1). Further, Rule 17(c)(2) provides that "[o]n motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2).

The Supreme Court has emphasized that "[i]t was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951); *see also United States v. Nixon*, 418 U.S. 638, 698 (1974) (internal citation omitted); *In re Grand Jury 87-3 Subpoena Duces Tecum*, 884 F.2d 772, 775 (4th Cir. 1989), rev'd on other grounds, 498 U.S. 292 (1991); *United States v. Schembari*, 484 F.2d 931,

4

936 (4th Cir. 1973). In *United States v. Nixon,* the Supreme Court acted to avoid that result, adopting a test requiring that:

> in order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

418 U.S. at 699-700. The Supreme Court noted that subpoena duces tecum in criminal cases "was not intended to provide a means of discovery for criminal cases," but rather was innovated "to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." *Id.* at 698-699. The decision is in the discretion of the trial court, which thus may grant a subpoena under Rule 17(c) for delivery before trial if the requesting party is able to "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Id.* at 700; *see also United States v. Beckford*, 964 F. Supp. 1010, 1022 (E.D. Va. 1997).

### III. Analysis

In its Motion, the United States requests the Court to quash both pre-trial subpoenas duces tecum served on Detective Woods of the Arlington Count Police Department as well as the

5

Arlington County Victim/Witness Program because (1) the subpoenas duces tecum at issue fail to meet the three prongs of the *Nixon* test, and (2) Defendant is abusing the subpoenas as a tool for investigation or discovery without this Court's authorization. (Gov't's Mot. 3-8.) Detective Woods separately moves the Court to quash one of the aforementioned pre-trial subpoenas, which was specifically served on her, to produce any and all relevant documents in her or the Arlington County Police Department's possession on the basis that: (1) the subpoena was not accompanied by the required witness fee and mileage, (2) compliance with the subpoena would require the production of personal or confidential information about L.C. in violation of Rule 17(c) of the Federal Rules of Criminal Procedure, (3) Defendant failed to obtain an order from the Court requiring such production, (4) the subpoena constitutes an impermissible fishing expedition, and (5) the subpoena seeks vast amounts of material protected by the law enforcement privilege especially in light of the ongoing investigation and prosecution of the Defendant in the Arlington Circuit Court. (Woods' Mem. 2-7.)

In his response, Defendant concedes that the required witness fee was not tendered and that the subpoena improperly directed production of the requested documents to Defendant's counsel as opposed to the Clerk of this Court. (Def.'s Mem. in Opp. to the Mot. to Quash the Subpoena to Detective Woods

("Def.'s Mem.") 1.) However, Defendant submits that (1) Rule 17(c)(3) does not require a court order for the production of requested information pertaining to the accused as opposed to the victim, (2) the subpoena served on Detective Woods is specific, relevant, and admissible, and (3) the information sought pertain to a closed investigation, thus are not protected by the law enforcement privilege. (Def.'s Mem. 1-2.)

The Court need not discuss and analyze every argument the parties raised in this case by the Government and Detective Woods because it is plainly obvious based on the broad language contained in the subpoenas that the subpoenas at issue do not meet the Supreme Court standard for Rule 17(c) subpoenas set forth in *United States v. Nixon* regarding the issuance of subpoenas before trial. As explained above, a pre-trial subpoena duces tecum must meet (1) relevancy, (2) admissibility, and (3) specificity under the *Nixon* test. *Nixon*, 418 U.S. at 700. In this instance, the Defendant's subpoenas failed to satisfy the "specificity" prong of the *Nixon* test.

Both of the subpoenas at issue request Detective Woods of the Arlington County Police Department and the Arlington County Victim/Witness Program to produce the following documents to Defense counsel's office by March 22, 2010 at 12:00 p.m.: "*Any and all* records notes, reports, memorandum, and/or documents and things in any form maintained by" Detective Woods of the

Arlington County Police Department and the Arlington County Victim/Witness Program regarding Kyle Mathew McDonald. (Gov't's Mot.; Exs. 1-2) (emphasis added).

The affidavit of Detective Woods states that she accumulated about 1,500 pages of documents relating to the state investigation of McDonald regarding a stalking charge and that these documents contain a substantial amount of personal or confidential information about the victim (*e.g.*, addresses, phone numbers, photographs, driver's licence and vehicle information) as well as personal or confidential information regarding the victim's alleged relationship with the Defendant and personal behavior. (Woods' Mem.; Ex. 2.) Detective Woods' affidavit further states that the documents sought by the subpoena contain "evaluations of the security needs of the victim and possible security in the victim's daily routine" as well as "the names of potential confidential courses and information concerning confidential law enforcement investigative techniques and procedures . . . which would likely adversely [a]ffect the investigation and/or prosecution of the crime set forth in the indictment." (Woods' Mem.; Ex. 2.)

In response, Defendant argues that because the subpoena served on Detective Woods requires her to produce records pertaining to McDonald and not pertaining to the alleged victim, Detective Woods' Motion to Quash the Subpoena must be denied.

(Def.'s Mem. 3.) The Court finds this argument unavailing. It is obvious that the documents that would contain information pertaining to Defendant would also likely contain information about the victim in this case. Defendant further argues that not every document in Detective Woods' possession would contain confidential information regarding the victim and that such confidential information could be redacted before production. (Def.'s Mem. 4.) However, Defendant argues so without identifying what types of documents are the ones that either do not contain confidential information about the victim or can easily be redacted. This response by Defendant supports the Court's finding that the scope of the subpoenas at issue are too broad. The language contained in Defendant's subpoenas is insufficiently specific for this Court to determine exactly how the requested material would contain documents that would relate to the pending charges which are the interstate threatening communications as charged in the indictment. *See United States v. Crosland*, 821 F.Supp. 1123, 1129 (E.D. Va. 1993). Defendant's counsel even stated during the April 23, 2010 hearing that he does not know what he would be provided with in response to these subpoenas. Thus, the Court finds that the subpoenas at issue constitutes a fishing expedition by Defendant and they "must be quashed as insufficiently specific." *Id.*

Based on the review of the broad language contained in

9

the subpoenas as well as the United States and Detective Woods' Memoranda in Support of their Motions to Quash, the Court holds that the subpoenas at issue do not comply with the Supreme Court standard for Rule 17(c) subpoenas and the requirements set forth in *United States v. Nixon* regarding the issuance of subpoenas before trial. Defendant has not carried its burden to show to the Court the evidentiary value of the records sought, that he has attempted to procure them through other methods, that the trial will be unreasonably delayed if they are not procured, or that the request is more than a fishing expedition. *Nixon*, 418 U.S. at 699. Indeed, it appears to the Court that Defendant is simply using these subpoenas as a supplementary discovery or investigative tool to obtain potential impeachment evidence to be used against Detective Woods. The Court notes that Rule 17(c) pre-trial subpoenas are not the proper means to obtain *Giglio* or Jencks Act impeachment materials and that it is mindful of its "responsibility to prevent Rule 17(c) from being improperly used as a discovery alternative to Rule 16." *See Beckford*, 964 F.Supp. at 1022, 1031. Under prevailing law, it appears that the subpoenas at issue are unacceptably broad, unreasonable or oppressive, and the Court will accordingly quash the subpoenas at issue.

### IV. Conclusion

For the foregoing reasons, the Court will grant the

United States and Detective M.J. Woods' Motions to Quash the pretrial subpoenas duces tecum.

An appropriate Order will issue.

April 26, 2010  /s/
Alexandria, Virginia  James C. Cacheris
UNITED STATES DISTRICT COURT JUDGE